— The court is of opinion, that the registration of the deed to the plaintiff is to be considered under the provisions of the act of 1829, c. 20, as having been made on the 4th day of September, and is therefore prior to the lien of the execution tested on the 7th of the month. The latter act is different from that of 1820, (Rev. ch. 1037,) upon which the case of Moore v. Collins, 4 Dev. 384, was decided. That makes deeds of trust void unless they be registered within six months; and there is nothing in it to denote that any thing short of a complete registration by fully transcribing the instrument into the books of the register, is to be a registration, or constitute part of it. The opinion delivered by my brother DANIEL adverts particularly to that circumstance, as distinguishing the two statutes, and we think it a plain and sound distinction. The act of 1829 does not avoid a deed of trust for want of registration at any particular time; but it declares that it shall not operate "but from" the registration; and the question is, at what period the registration shall be said to be made. *Page 83 
The defendant contends, that it is only when it shall have been completed by spreading the deed and the whole of it upon the record. We think otherwise. It is obvious, that the legislature meant that the deed should not begin to operate until it was deposited with the register. There is no delivery of it, if we may use the expression, as against creditors and purchasers, but the delivery to the register; in whose hands those persons could see its contents at all times afterwards, either by perusing the original or the transcript. For that reason, it is to operate from that delivery; for, while the act thus ties up the operation of the deed, it at the same time provides that immediate probate or acknowledgment may be taken by the clerk; and that the register shall endorse on each deed the day on which it was delivered to him for registration, and that such endorsement shall be entered on the register's book and form a part of theregistration. The act further requires the officer immediately thereafter to register the deeds in the order of time in which they were delivered. In the nature of things, the act of registering the deed, that is to say, of transcribing it, cannot be done in an instant, and there must be a prior and posterior as to the different parts of it; yet, since the note of the day of delivery is made a part of the registration, when that is done, it thereby appears at what particular time the deed was delivered for registration, and that it was then in a course of being registered thenceforward until it was done. The truth is, that where a ceremony necessarily embraces distinct periods of time in its performance, and is constituted of several acts, which, when completed, make but one whole, there is a necessity ut res magis valeat quam pereat, that all that is done, should be referred to the period at which it was begun. If two or more distinct things are necessary to give validity to a thing, both must be performed, and one cannot be connected with the other. Such, in the case before us, are probate and registration. The latter cannot relate in point of time to the former. But registration in itself is but one thing, necessarily indeed made up of successive operations, consuming more than an instant of time; and as the registration cannot be *Page 84 
said not to exist at any instant after it was begun, the intermediate lapse of time is not regarded, and the whole relates to the first moment, so as to make the act operative therefrom. It is upon this principle, that the relation of a judgment to the first day of the term depends; and we believe it equally applicable to every case, in which there is necessarily more than an instant consumed in the performance of a single act. From the beginning, the whole is one continuing act; and therefore, in legal contemplation, it is done from the commencement. The substance of the act of 1829 is therefore, we think, that a deed, when registered, is to be deemed to have been registered from the delivery to the register, as noted by him on the deed.
We the more readily adopt this construction, because the act of 1829 is known to have been taken from the English annuity act, and it is safe therefore to incorporate into our law a settled construction of that act. The case of Garrick v. Williams, 3 Taunt. 540, decides that the enrollment may be entered as of the day and hour the memorial was delivered into the office, and that the court will not look out of the enrollment, as it appears of record, for the time at which it was made.
We have no doubt but the schedules form part of the deed, and ought to be registered, for without them there is not description of the things conveyed; but for the reasons already mentioned, it was unnecessary that the register should have stated the different periods at which the different parts of the deed were transcribed; for although not true in point of fact, it is true in point of law, that the whole was registered together on the fourth day of the month.
It is however, objected by the defendant, that the deed was proved by an incompetent witness, and therefore that the probate and registration founded thereon are void. We do not assent to that inference, although we do not concur in the answer of "res judicata" given to it at the bar. Probates of deeds are ex parte, and do not conclude. The deed may still be shown to be a forgery, or to have been executed by an infant or a feme covert. The person taking the probate does not adjudge and decide the *Page 85 
instrument to be a deed, but only sees that the person offered as a witness to prove it, is the person who attested it; and he certifies that the execution was proved by that person. The factum and the identity of the witness are all the certificate concludes. Hence, unless a statute expressly make the deed evidence, and authorize it to be read upon such proof, it cannot be; but upon the trial, it must be proved as at common law, and as if it had not before been proved or registered. The probate and registration are only to perpetuate the instrument and give notice of its contents. We think therefore, that the probate was not conclusive, as resjudicata, especially as in this case the deed is for chattels only, and could not be read upon the trial without the evidence of one of the subscribing witnesses; but for the same reason, we are of opinion that it was sufficiently proved on the trial, and that the incompetency of the witness who proved it before the clerk does not vitiate the probate or registration. The registration, no matter upon what proof made, gives the notice designed for creditors and purchasers. The instrument is not like a will, which requires for its validity attestation by a certain number of disinterested witnesses; and when registered it is not read like a will is, which is conclusive evidence of the devise upon the adjudication of the court of probate. The probate of a deed is but a memorial that the attesting witness, whoever he may be, and competent or incompetent to testify on a trial before a jury, swore to the factum of the instrument by the parties, whose act it purports to be; and as the officer who takes the probate does not look into the instruments or the interests acquired under it, so the competency or incompetency of the witness is not a question before him. It may be shown at the trial, that the witness is incompetent, and therefore could not prove the deed, and that will make it necessary to call witnesses who are competent, but it will not render the instrument void for the want of probate and registration, when in fact there have been both probate and registration. In this respect, the present case differs from Jones v. Ruffin, 3 Dev. Rep. 404, which was cited by the defendant's counsel as an authority that *Page 86 
the probate even by one incompetent witness is conclusive: and from the report it might seem so, as the deed was there read upon the probate and registration. But the reason why no other evidence was deemed necessary by this court and the counsel in that case, was, that the witness who proved the deed was not interested in the particular tract of land in dispute in that action, and therefore the deed, as it operated between the parties to the suit, had been proved by a competent witness, and was one which under our statutes could be read without other proof, on the trial. That case therefore is not an authority on either side here; but without it, or any other, we think, from the nature of the thing, that a deed which has in fact been registered upon proof by one appearing on its face to be a witness to it, and is proved by competent evidence on the trial to have been duly executed, is not rendered void or inoperative by the circumstance that one of the subscribing witnesses was not a competent person to attest and prove the deed. Every object of the law is answered by the registration, and the proof of execution on the trial.
The judgment must therefore be reversed; and judgment be given for the plaintiff for the sum mentioned in the case agreed, and for the costs in both courts.
PER CURIAM. Judgment reversed. *Page 87